**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                              (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Hobbico, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | __ 37 _ 1159545 __ __ __ __ __ |

4. **Debtor's address**

**Principal place of business**

2904 Research Road
Number      Street

_____

Champaign          IL      61822
City               State   ZIP Code

Champaign
County

**Mailing address, if different from principal place of business**

_____
Number      Street

_____
P.O. Box

_____
City          State      ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City          State      ZIP Code

5. **Debtor's website** (URL)    www.hobbico.com

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

Debtor    Hobbico, Inc.
_____          Case number (if known)_____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4239 __ __

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes. District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes. Debtor    See Rider 1
_____          Relationship _____

　　　　District    Delaware
_____          When _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM  /  DD  /  YYYY

　　　　Case number, if known _____

Debtor    Hobbico, Inc._____    Case number (if known)_____
        <sub>Name</sub>

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br><br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>            Number        Street<br><br>         _____<br><br>         _____<br>         City                State      ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes. Insurance agency _____<br><br>        Contact name _____<br><br>        Phone _____ |

| | |
|---|---|
| **Statistical and administrative information** | |

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☐ Funds will be available for distribution to unsecured creditors.<br><br>■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49             ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000    ☐ More than 100,000<br>■ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000          ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000    ■ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million   ☐ $100,000,001-$500 million  ☐ More than $50 billion |

| Debtor | Hobbico, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     01/10/2018
              MM  / DD / YYYY

✖ /s/ Tom S. O'Donoghue, Jr.                     Tom S. O'Donoghue, Jr.
Signature of authorized representative of debtor    Printed name

Title   Chief Restructuring Officer

---

**18. Signature of attorney**

✖ /s/ Robert J. Dehney                     Date     01/10/2018
Signature of attorney for debtor                    MM   / DD / YYYY

Robert J. Dehney
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street, 16th Floor
Number         Street

Wilmington                          DE          19899-1347
City                                State       ZIP Code

(302) 658-9200                      rdehney@mnat.com
Contact phone                       Email address

3578                                DE
Bar number                          State

---

## RIDER 1 TO VOLUNTARY PETITION

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.   The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hobbico, Inc.

- Estes-Cox Corp.
- Hobbico, Inc.
- Axial R/C Inc.
- Great Planes Model Manufacturing, Inc.
- Revell Inc.
- Tower Hobbies, Inc.
- United Model, Inc.

**HOBBICO, INC.**
**TOWER HOBBIES, INC.**
**GREAT PLANES MODEL MANUFACTURING, INC.**
**UNITED MODEL, INC.**
**REVELL INC.**
**ESTES-COX CORP.**
**AXIAL R/C INC.**

**ACTION OF BOARDS OF DIRECTORS**
**BY UNANIMOUS WRITTEN CONSENT**

January 4, 2018

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Directors") of each of HOBBICO, INC., an Illinois corporation ("Hobbico"), and TOWER HOBBIES, INC., an Illinois corporation ("Tower"), GREAT PLANES MODEL MANUFACTURING, INC., an Illinois corporation ("Great Planes"), REVELL INC., an Illinois corporation, ("Revell"), UNITED MODEL, INC., an Illinois corporation ("United Model"), ESTES-COX CORP., a Delaware corporation ("E-C"), and AXIAL R/C INC., a California corporation ("Axial"), each of which is a wholly-owned subsidiary of Hobbico (Tower, Great Planes, Revell, United Model, E-C, Axial and Hobbico are collectively referred to herein as the "Companies"), do hereby adopt the following resolutions and take and consent to the following actions, without a meeting, by unanimous written consent, hereby waiving any notice whatever required in connection therewith:

**Chapter 11 Filing**

WHEREAS, the Directors have considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to each Company, and the effect of the foregoing on each Company's business; and

WHEREAS, the Directors had the opportunity to consult with the management and the financial and legal advisors of each Company and fully consider each of the strategic alternatives available to each Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Directors, it is desirable and in the best interests of each Company (including a consideration of  each Company's creditors and other parties in interests) that, subject to the condition that the DIP Documents (as defined below) shall have been fully agreed upon, executed and delivered by all parties thereto in accordance with the terms hereof, each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

FURTHER RESOLVED, that, subject to the condition that the DIP Documents shall have been executed and delivered as described above, each of the persons indicated below while acting in the official capacity indicated below (collectively, the "Authorized Signatories"), whether acting alone or together with one or more other officers, be, and each hereby is, authorized, empowered and directed to (a) execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and (b) to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business:

| | |
|---|---|
| Tom S. O'Donoghue Jr. | Chief Restructuring Officer |
| Louis Brownstone | President |
| Kenneth R. Cutler | Vice President |
| Timothy M. Shanahan | Treasurer and Chief Financial Officer |
| Willard K. Muirheid | Secretary |

**Retention of Professionals**

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ the law firm of Neal, Gerber & Eisenberg LLP ("NGE") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of NGE;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as local bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ the firm Lincoln International LLC ("Lincoln") as investment banker to, among other things, represent and assist each Company in analyzing available strategic alternatives, including a potential financing transaction, restructuring transaction, or sale transaction, and developing financial data for evaluation by the Directors, creditors, and/or the other third parties, as requested by the Companies from time to time; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate application for authority to retain the services of Lincoln;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ Keystone Consulting Group, LLC ("Keystone") as restructuring advisor to each Company to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Keystone;

FURTHER RESOLVED, that (i) the retention of the firm CR3 Partners, LLC ("CR3") as restructuring advisor to each Company, and the appointment of Tom S. O'Donoghue Jr. as Chief Restructuring Officer of each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, are each hereby ratified and approved and (ii) each of the Authorized Signatories be, and each hereby is, authorized and directed to cause to be filed an appropriate application for authority to retain the service of CR3 and to appoint Tom S. O'Donoghue Jr. as Chief Restructuring Officer of each Company;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ the firm of JND Corporate Restructuring ("JND") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of JND;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, authorized and directed to employ and retain any other professional advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code as such Authorized Signatory deems necessary, proper or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any such other professional advisors, in each case on such terms as such Authorized Signatory deems necessary, proper or desirable in connection with the Companies' Chapter 11 Case, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that each of the Authorized Signatories be, and each hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance from legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with the Companies' Chapter 11 Case, with a view to the successful prosecution of such case;

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

FURTHER RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) that certain Third Amended and Restated Credit Agreement, dated as of July 11, 2014 as amended, modified, or supplemented, and in effect immediately prior to the filing of the voluntary petitions for relief in the Chapter 11 Case, among the Companies, as borrowers, Wells Fargo Bank, National Association, as administrative agent, and the lenders that are parties thereto from time to time, and to (ii) that certain Securities Purchase Agreement, dated as of July 11, 2014 as amended, modified, or supplemented, and in effect immediately prior the filing of the voluntary petitions for relief in the Chapter 11 Case, among the Companies and Cyprium Investors IV AIV I LP, a Delaware limited partnership, and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing");

FURTHER RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (as such order may be thereafter amended or finalized, the "Interim DIP Order") and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Companies be, and each hereby is, authorized and empowered, in the name of and on behalf of each Company, (a) to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, including without limitation the execution and delivery of (i) a Debtor-In-Possession Credit Agreement among the Companies, Wells Fargo Bank, National Association, as administrative agent, swingline lender and issuing lender, and the lenders identified therein substantially in the form presented to the undersigned for their review, (ii) a Debtor-In-Possession Pledge and Security Agreement between the Companies and Wells Fargo Bank, National Association, as administrative agent, substantially in the form presented to the undersigned for their review, and (iii) such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), and (b) to incur and pay or cause to be paid all fees and expenses and to engage such persons as they deem appropriate to effectuate the Interim DIP Order, in each case, in the form or substantially in the form thereof submitted to the Directors, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

FURTHER RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Signatories of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document;

FURTHER RESOLVED, that each of the Authorized Signatories of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Interim DIP Order;

FURTHER RESOLVED, that each of the Authorized Signatories of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Interim DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**General**

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to do such further acts and things as any Authorized Signatory or such other duly authorized person shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by, the foregoing resolutions, including to do and perform (or cause to be done and performed), in the name and on behalf of each Company, all such acts and to sign, make, execute, affix common seal on, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, resolutions, deeds, instruments, letters, certificates, proxies, notices, certificates, acknowledgements, authorizations, consents, releases, waivers and other documents (whether of like nature or not) (the "<u>Ancillary Documents</u>") and all amendments and modifications to any such Ancillary Documents, and to pay, or cause to be paid, all such payments, as any Authorized Signatory may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

FURTHER RESOLVED, that the Directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

FURTHER RESOLVED, that all actions previously taken, or caused to be taken, by the officers of each Company in connection with the matters contemplated by the foregoing resolutions, be, and all such actions hereby are, in all respects, ratified, approved, authorized and confirmed; and

FURTHER RESOLVED, that each of the undersigned hereby consents to the execution and adoption of these resolutions by the Directors of each Company by any available means, including, without limitation of the generality of the foregoing: (i) the execution of this resolution in separate counterparts, and (ii) delivery by facsimile transmission or other electronic transmission.

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Boards of Directors of each Company have adopted the foregoing actions by written consent, without a meeting, effective as of the date first set forth above.

*[signature pages follow]*

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective as of the date first written above.

<u>Directors of Hobbico, Inc.</u>

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board


<u>Directors of Tower Hobbies, Inc.</u>

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board


<u>Directors of Great Planes Model Manufacturing, Inc.</u>

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective as of the date first written above.

<u>Directors of Hobbico, Inc.</u>

Mark Richards

_Kenneth R. Cutler_

Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

<u>Directors of Tower Hobbies, Inc.</u>

Mark Richards

_Kenneth R. Cutler_

Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

<u>Directors of Great Planes Model Manufacturing, Inc.</u>

Mark Richards

_Kenneth R. Cutler_

Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective as of the date first written above.

**Directors of Hobbico, Inc.**

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| | |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

**Directors of Tower Hobbies, Inc.**

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| | |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

**Directors of Great Planes Model Manufacturing, Inc.**

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| | |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective as of the date first written above.

### Directors of Hobbico, Inc.

_____           _Willard K. Muirheid (signature)_
Mark Richards                             Willard K. Muirheid

_____           _____
Kenneth R. Cutler                         Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett

### Directors of Tower Hobbies, Inc.

_____           _Willard K. Muirheid (signature)_
Mark Richards                             Willard K. Muirheid

_____           _____
Kenneth R. Cutler                         Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett

### Directors of Great Planes Model Manufacturing, Inc.

_____           _Willard K. Muirheid (signature)_
Mark Richards                             Willard K. Muirheid

_____           _____
Kenneth R. Cutler                         Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett

IN WITNESS WHEREOF, the undersigned have executed this Written Consent effective as of the date first written above.

Directors of Hobbico, Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board

Directors of Tower Hobbies, Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board

Directors of Great Planes Model Manufacturing, Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board

Directors of United Model. Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board


Directors of Revell, Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board


Directors of Estes-Cox Corp.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board


Directors of Axial R/C, Inc.

_____
Mark Richards

_____
Kenneth R. Cutler

_____
Michael S. Parrett

_____
Willard K. Muirheid

_____
Daniel D. Bayston, Chairman of the Board

Directors of United Model, Inc.

Mark Richards

*Kenneth R Cutler*
Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

Directors of Revell, Inc.

Mark Richards

*Kenneth R Cutler*
Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

Directors of Estes-Cox Corp.

Mark Richards

*Kenneth R Cutler*
Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

Directors of Axial R/C, Inc.

Mark Richards

*Kenneth R Cutler*
Kenneth R. Cutler

Willard K. Muirheid

Daniel D. Bayston, Chairman of the Board

Michael S. Parrett

Directors of United Model, Inc.

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

Directors of Revell, Inc.

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

Directors of Estes-Cox Corp.

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

Directors of Axial R/C, Inc.

| | |
|---|---|
| _____ | _____ |
| Mark Richards | Willard K. Muirheid |
| _____ | _____ |
| Kenneth R. Cutler | Daniel D. Bayston, Chairman of the Board |
| _____ | |
| Michael S. Parrett | |

029705.0001:26801149.10

<u>Directors of United Model, Inc.</u>

_____          _Willard K. Muirheid_____
Mark Richards                            Willard K. Muirheid

_____          _____
Kenneth R. Cutler                        Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett


<u>Directors of Revell, Inc.</u>

_____          _Willard K. Muirheid_____
Mark Richards                            Willard K. Muirheid

_____          _____
Kenneth R. Cutler                        Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett


<u>Directors of Estes-Cox Corp.</u>

_____          _Willard K. Muirheid_____
Mark Richards                            Willard K. Muirheid

_____          _____
Kenneth R. Cutler                        Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett


<u>Directors of Axial R/C, Inc.</u>

_____          _Willard K. Muirheid_____
Mark Richards                            Willard K. Muirheid

_____          _____
Kenneth R. Cutler                        Daniel D. Bayston, Chairman of the Board

_____
Michael S. Parrett

Directors of United Model, Inc.

Mark Richards

_____

Kenneth R. Cutler

_____

Michael S. Parrett

_____

Willard K. Muirheid

_____

Daniel D. Bayston, Chairman of the Board


Directors of Revell, Inc.

Mark Richards

_____

Kenneth R. Cutler

_____

Michael S. Parrett

_____

Willard K. Muirheid

_____

Daniel D. Bayston, Chairman of the Board


Directors of Estes-Cox Corp.

Mark Richards

_____

Kenneth R. Cutler

_____

Michael S. Parrett

_____

Willard K. Muirheid

_____

Daniel D. Bayston, Chairman of the Board


Directors of Axial R/C, Inc.

Mark Richards

_____

Kenneth R. Cutler

_____

Michael S. Parrett

_____

Willard K. Muirheid

_____

Daniel D. Bayston, Chairman of the Board

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Hobbico, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>_____ District of Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td>_____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: **Consolidated** List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Futaba Corp.<br>B-Wing, Nakase, Mihama-Ku<br>Chiba 261-01<br>Japan | Fax: 81 43-296-5124<br>Email: info@futaba.com | Trade Debt | | | | $2,265,026.91 |
| 2 | Feishen<br>98 Beihu Road, Hardware Science<br>Technology Industrial Zone<br>Yongkang, 321300 Japan | Fax: 865-798-729-5396<br>Email:<br>hkweb24@globalsources.com | Trade Debt | | | | $1,890,326.00 |
| 3 | TT Solutions, Inc.<br>Guishan Dist.<br>Taoyuan City, TW 333<br>Taiwan | Fax: 866-22766366<br>Email: info@ttsolutions.net | Trade Debt | | | $790,780.35 | $1,701,488.13 |
| 4 | Creata Macao Commercial<br>Alameda Dr., Carlos No. 180<br>D'Assummpcao Tong Nam Ah<br>Central Comercio, China | Fax: 650-579-7937<br>Email: info@importgenius.com | Trade Debt | | | | $1,355,964.41 |
| 5 | Drinker Biddle & Reath LLP<br>18th & Cherry Streets<br>Philadelphia, PA 19103 | Fax: (312) 569-3470<br>Email: edwin.getz@dbr.com | Professional Services | | | | $1,220,497.66 |
| 6 | Youli Plastic Manufacture Co. Ltd.<br>Taishi Industrial Zone<br>Guangzhou, China | Fax: 86-577-62767092<br>Email:<br>hkweb24@globalsources.com | Trade Debt | | | | $1,010,789.92 |
| 7 | Tamiya America, Inc.<br>36 Discovery Way, Suite 200<br>Irvine, CA 92618 | Fax: (949) 362-2250<br>Email:<br>us_support@tamiya.com | Trade Debt | | | | $638,420.86 |
| 8 | Flyon Electronic Co. Ltd.<br>No. 6 Jingyuan Rd.<br>Jida Zhuhai, China | Fax: 86-591-87534392<br>Email:<br>flying@flyingtechnology.com | Trade Debt | | | | $520,576.60 |

Debtor    **Hobbico, Inc.**
Name

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | United Parcel Service Lockbox 577 Carol Stream, IL 60132 | Fax: (800) 833-0056 Email: postalone@email.usps.gov | Professional Services | | | | $397,428.85 |
| 10 | Associated Electrics 26021 Commercentre Dr. Lake Forest, CA 92630 | Fax: (949) 544-7501 Email: service@aeteam.net | Trade Debt | | | | $354,726.06 |
| 11 | Guangzhou Youli Plastic Mfg. Co. 7 The Keer Road, Taishi Industrial Zone Dongchong Town, Panyu Guangzhou, China | Fax: 86-20-83281117 Email: yanghuimin@mail.china.cn | Trade Debt | | | | $276,229.32 |
| 12 | Testors Corporation 11 E. Hawthorn Parkway Vernon Hills, IL 60061 | Fax: (800) 782-3369 Email: customerservice@testors.com | Trade Debt | | | | $258,033.10 |
| 13 | Proline 201 W. Lincoln St. Banning, CA 92220 | Fax: (951) 922-9311 Email: customerservice@prolineracing.com | Trade Debt | | | | $237,317.32 |
| 14 | RC4WD 618 Blossom Hill Rd., Suite 201 San Jose, CA 95123 | Fax: (815) 986-3819 Email: support@rc4wd.com | Trade Debt | | | | $226,344.24 |
| 15 | Guide Link Limited Rm 507-8 5/F Kwong Sang Hong Ctr. 151-153 Hoi Bun RR Kwun Tong, Hong Kong | Fax: 852-27930762 Email: info@glltd.com | Trade Debt | | | | $212,445.56 |
| 16 | Mile Hao North Jishan Road of Miyan Town Mile County, Yunnan Province China | Fax: 0860-873-619-5674 | Trade Debt | | | | $180,482.50 |
| 17 | Yitianfu Electronics Tech. Co. Ltd. 3F, Jinchangda Technological Park Guanlan Town, Baoan Dist. Shenzhen, China | Fax: 07-552-799-8073 | Trade Debt | | | | $179,373.54 |
| 18 | Woodland 101 E. Valley Drive P.O. Box 98 Linn Creek, MO 65052 | Fax: (573) 346-3768 Email: sales@woodlandscenics.com | Trade Debt | | | | $174,841.22 |
| 19 | Hitec RCD USA, Inc. 12115 Paine Street Poway, CA 92064 | Fax: (858) 748-1767 Email: service@hitecrcd.com | Trade Debt | | | | $161,301.29 |
| 20 | Bachmann Industries, Inc. 1400 E. Erie Ave. Philadelphia, PA 19124 | Fax: (215) 744-4699 Email: service@bachmanntrains.com | Trade Debt | | | | $146,293.36 |

# Hobbico, Inc.

Debtor
Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Osmax 6-15 3-Chome Imagawa Higashisumiyoshi-Ku Osaka, 546-0003 Japan | Fax: 81-66-704-2722 Email: e-info@os-engines.co.jp | Trade Debt | | | | $140,836.48 |
| 22 | Hot Racing, Inc. 26 Clinton Dr., Suite 119 Hollis, NH 03049 | Fax: (603) 595-1498 Email: help@hot-racing.com | Trade Debt | | | | $136,092.28 |
| 23 | Shanghai Merit Technology No. 1058 Tao Gan Road, Sheshan Town, Songjiang District Shanghai, 201602, China | Fax: 86-215-779-3769 Email: sales@meritrc.com | Trade Debt | | | | $132,773.92 |
| 24 | Redcat Racing 3145 E. Washington St. Phoenix, AZ 85034 | Fax: (602) 626-3534 Email: support@redcatracing.com | Trade Debt | | | | $111,284.37 |
| 25 | LSC Communications US, LLC 191 N. Upper Wacker Dr. Chicago, IL 60606 | Fax: (540) 564-9572 Email: brett.vonholten@lsccom.com | Professional Services | | | | $108,817.71 |
| 26 | Xing Yu No. 25 Bai Jiao South Road Bai Jiao Science & Tech Ind. Area Zhuahai, 51912 China | Fax: 86-756-522-5600 Email: cs@xy-aviation.com | Trade Debt | | | | $96,947.99 |
| 27 | Phoenix Models 223 Bis Hai Ba Trung Street, Dist 3 Ho Chi Ming City, Vietnam | Fax: 84-8-37173026 Email: contact@phoenixmodel.com robert@phoenixmodel.com | Trade Debt | | | | $95,655.00 |
| 28 | Landing Products 1222 Harter Ave. Woodland, CA 95776 | Fax: (530) 666-6661 Email: customer-service@apcprop.com | Trade Debt | | | | $93,353.08 |
| 29 | Maisto International, Inc. 7751 Cherry Avenue Fontana, CA 92336 | Fax: (909) 357-2020 | Trade Debt | | | | $88,392.52 |
| 30 | Tag Along Associates, LP 2805 South Boulder Dr. Urbana, IL 61802 | Fax: (217) 367-1616 | Landlord | | | | $88,303.30 |
| | | | | | | | |
| | | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name __Hobbico, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware___
                                                                              (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders*

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/10/2018__          ✖ __/s/ Tom S. O'Donoghue, Jr._____
           MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                             __Tom S. O'Donoghue, Jr._____
                                             Printed name

                                             __Chief Restructuring Officer_____
                                             Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HOBBICO, INC., | Case No. 18-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of debtor Hobbico, Inc.'s equity holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Name and Last Known Address of Equity Security Holder | Nature of Interest Held | Number of Interests Held |
|---|---|---|
| GreatBanc Trust Company, as Trustee of the Hobbico, Inc. Employee Stock Ownership Plan 801 Warrenville Road, Suite 500 Lisle, IL 60532 | Common Stock | 100% |

26900432.1

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Hobbico, Inc. |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/10/2018
MM / DD / YYYY

✖ /s/ Tom S. O'Donoghue, Jr.
Signature of individual signing on behalf of debtor

Tom S. O'Donoghue, Jr.
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HOBBICO, INC., | Case No. 18-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedures, Hobbico, Inc. and its affiliated entities hereby state:

- Hobbico, Inc. is 100% owned by GreatBanc Trust Company, as Trustee of the Hobbico, Inc. Employee Stock Ownership Plan.

- Axial R/C Inc., Estes-Cox Corp., Great Planes Model Manufacturing, Inc., Revell Inc., Tower Hobbies, Inc., and United Model, Inc. are each 100% owned by Hobbico, Inc.

26871644.1

**Fill in this information to identify the case and this filing:**

Debtor Name  Hobbico, Inc.

United States Bankruptcy Court for the: _____ District of  Delaware
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/10/2018          ✖ /s/ Tom S. O'Donoghue, Jr.
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

Tom S. O'Donoghue, Jr.
Printed name

Chief Restructuring Officer
Position or relationship to debtor