**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HOBBICO, INC., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 18-10055 (KG)<br><br>Jointly Administered |

**DEBTORS' MOTION FOR ORDER, PURSUANT TO LOCAL RULE 9006-1(e), SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER THE BIDDING PROCEDURES COMPONENT OF THE DEBTORS' MOTION FOR (I) AN ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF ALL, OR SUBSTANTIALLY ALL, OF THE DEBTORS' ASSETS; (B) APPROVING POTENTIAL BID PROTECTIONS; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVING FORM AND MANNER OF THE SALE, CURE AND OTHER NOTICES; AND (E) SCHEDULING AN AUCTION AND A HEARING TO CONSIDER THE APPROVAL OF THE SALE; (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF CLAIMS, LIENS AND ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) CERTAIN RELATED RELIEF**

Hobbico, Inc. ("Hobbico") and its above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors"), contemporaneously herewith, filed the *Debtors' Motion for (I) an Order (A) Establishing Bidding Procedures for the Sale of All, or Substantially All, of the Debtors' Assets; (B) Approving Potential Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases; (D) Approving Form and Manner of the Sale, Cure and Other Notices; and (E) Scheduling an Auction and a Hearing to Consider the Approval of the Sale; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens and Encumbrances; (B) Approving the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Hobbico, Inc. (9545); Arrma Durango Ltd; Axial R/C Inc. (0233); Estes-Cox Corp. (2196); Great Planes Model Manufacturing, Inc. (5259); Revell Inc. (8545); Tower Hobbies, Inc. (5185); and United Model, Inc. (5302). The Debtors' headquarters are located at 2904 Research Road, Champaign, Illinois 61822.

11683077.3

*Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Certain Related Relief* (the "Sale and Bidding Procedures Motion").[2] The Debtors hereby move the Court (the "Motion to Shorten"), pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order shortening the time for notice of the hearing on the Sale and Bidding Procedures Motion, only as it relates to the hearing to consider the Bidding Procedures, by ten (10) day(s), so that the same may be considered on or before March 9, 2018, consistent with certain DIP financing milestones. In support of the Motion to Shorten, the Debtors respectfully state as follows:

## RELEVANT BACKGROUND

1. As described more fully in the Sale and Bidding Procedures Motion, in the several months leading up to the Petition Date the Debtors initiated a sale process (the "Sale Process") to provide a clear path through and out of chapter 11. Specifically, the Debtors have been working with its investment banker, Lincoln Partners Advisors, LLC, since November 2017 to market the Debtors' businesses as a going concern in advance of the Debtors' chapter 11 cases, which were filed on January 10, 2018.

2. On February 14, 2018, the Court entered that certain *Order Authorizing Debtors to: (A) Use Cash Collateral on a Final Basis; (B) Incur Postpetition Debt on a Final Basis; and (C) Grant Adequate Protection and Provide Security and Other Relief to Wells Fargo Bank, National Association, As Agent, and the Other Secured Parties* [Docket No. 163] (the "DIP Financing Order"), pursuant to which the Court, among other things, authorized the Debtors to enter

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale and Bidding Procedures Motion.

into that certain Debtor-in-Possession Credit Agreement dated as of January 12, 2018 (the "DIP Credit Agreement").

3. The DIP Credit Agreement requires the Debtors to, among other things, obtain an order approving the Bidding Procedures on or before March 9, 2018 (the "Bidding Procedures Order Milestone"). Accordingly, the Debtors announced at the DIP Financing hearing that Debtors would file the Sale and Bidding Procedures Motion on shortened notice such that it could be heard on or before the Bidding Procedures Order Milestone.

4. Thus, contemporaneously herewith, the Debtors have filed the Sale and Bidding Procedures Motion, pursuant to which the Debtors, in part, seek entry of an order (the "Bidding Procedures Order"): (i) approving the Bidding Procedures, (ii) approving and authorizing potential Bid Protections, (iii) scheduling the Auction and Sale Hearing, (iv) approving procedures related to the assumption and assignment of certain of the executory contracts and unexpired leases, and (v) approving the form and manner of notice thereof.

## RELIEF REQUESTED

5. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the hearing to consider entry of the Bidding Procedures Order so that the matter can be heard on or before March 9, 2018.

## BASIS FOR RELIEF REQUESTED

6. Bankruptcy Rule 2002(a) requires twenty-one (21) days' notice prior to a hearing on the Bidding Procedures Order. See Fed. R. Bankr. P. 2002(a). Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. See Del. Bankr. L.R. 9006-1(e). However, Local Rule 6004-1(c) further provides, in pertinent part, that the "[t]he Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Del.

Bankr. L.R. 9006-1, unless the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and present evidence at the hearing of compelling circumstances." See Del. Bankr. L.R. 6004-1(c).

7. The Debtors respectfully submit that compelling circumstances and good cause exist in this case to shorten the notice period for the hearing to consider entry of the proposed Bidding Procedures Order.

8. First, the Debtors believe that a prompt, expeditious, and efficient sale of their assets pursuant to the Sale and Bidding Procedures will maximize the value of their estates. In addition, although the DIP Credit Agreement enables the Debtors to maintain liquidity during the Sale Process and throughout these chapter 11 cases, it is available only for a limited period of time and is conditioned on the Debtors' achievement of, among other things, the Bidding Procedures Order Milestone. Failure by the Debtors to meet the Bidding Procedures Order Milestone would constitute a default under the Debtors' DIP Credit Agreement, which could, in turn, effectively terminate the Sale Process and the Debtors' efforts to preserve jobs and the going concern value of the Debtors' businesses.

9. In light of the foregoing, the Debtors submit that consideration of the Bidding Procedures Order on such shortened notice is in the best interests of the Debtors, their estates, creditors, and other parties in interest. Accordingly, the Debtors request that a hearing on the relief requested in the Sale and Bidding Procedures Motion, as it relates to the Bidding Procedures, be scheduled on or before March 9, 2018, with objections due by March 7, 2018, at 4:00 p.m. (ET).

10. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the official committee of unsecured creditors; (iii) counsel to Wells Fargo Bank, N.A., as administrative agent to the prepetition and postpetition

lenders; (iv) counsel to Cyprium Investors IV AIV I LP; (v) counsel to GreatBanc Trust Company, trustee of the Hobbico, Inc. Employee Stock Ownership Plan; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of the order attached hereto as **Exhibit A**, approving the shortened notice for the Sale and Bidding Procedures Motion, solely as it relates to the hearing to consider the Bidding Procedures, as set forth herein, and approving the form, manner, and sufficiency of notice with respect thereto.

| | |
|---|---|
| Dated: February 26, 2018<br>Wilmington, DE | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>*/s/ Matthew O. Talmo*<br>Robert J. Dehney (No. 3578)<br>Curtis S. Miller (No. 4583)<br>Matthew O. Talmo (No. 6333)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware  19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>rdehney@mnat.com<br>cmiller@mnat.com<br>mtalmo@mnat.com<br><br>   - and -<br><br>NEAL, GERBER & EISENBERG LLP<br>Mark A. Berkoff (admitted *pro hac vice*)<br>Nicholas M. Miller (admitted *pro hac vice*)<br>Thomas C. Wolford (admitted *pro hac vice*)<br>Two North LaSalle Street, Suite 1700<br>Chicago, Illinois  60602<br>Telephone:  (312) 269-8000<br>Facsimile:   (312) 269-1747<br>mberkoff@nge.com<br>nmiller@nge.com<br>twolford@nge.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |