## Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| HOBBICO, INC., *et al.*[1] | Case No. 18-10055 (KG) |
| Debtor | |

## STIPULATION

Alfred T. Giuliano, as chapter 7 trustee of the above-captioned bankruptcy cases (the "Trustee"), and Horizon Hobby, LLC ("Horizon" and, together with the Trustee, the "Parties"), through their undersigned counsel agree and stipulate as follows:

1.      On January 10, 2018 (the "Filing Date"), the Debtors, other than Arrma Durango Limited, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Debtor Arrma Durango Limited filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 26, 2018.

2.      On February 26, 2018, the Debtors filed a Motion for (I) An Order (A) Establishing Bidding Procedures for the Sale of All, or Substantially All, of the Debtors' Assets; (B) Approving Potential Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases; (D) Approving Form and Manner of the Sale, Cure and Other Notices; and (E) Scheduling an Auction and a Hearing to Consider the Approval of the Sale; (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens and Encumbrances; and (B) Approving the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Hobbico, Inc. (9545); Arrma Durango Ltd.; Tower Hobbies, Inc. (5185); Great Planes Model Manufacturing, Inc. (5259); United Model, Inc. (5302); Revell Inc. (8545); Estes-Cox Corp. (2196); and Axial R/C Inc. (0233).

Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Certain Related Relief [Docket No. 192] (the "Sale Motion").  Included in the Sale Motion, were substantially all of the assets of Hobbico, Inc., Tower Hobbies, Inc., Axial R/C Inc., Arrma Durango Ltd., and Great Planes Model Manufacturing, Inc. (the "Hobby Business Lot").

3.        On March 14, 2018, the Court entered an Order (A) Establishing Bidding Procedures for the Sale of All, or Substantially All, of the Debtors' Assets; (B) Approving Bid Protection Procedures; (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases; (D) Approving Form and Manner of the Sale, Cure and Other Notices; and (E) Scheduling an Auction and a Hearing to Consider the Approval of the Sale [Docket No. 243] (the "Bidding Procedures Order").  The Bidding Procedures Order authorized the Debtors to "enter into one or more Stalking Horse Agreements for the sale of any Assets."

4.        On March 22, 2018, the Debtors entered into a certain Asset Purchase Agreement with Horizon for the Hobby Business Lot (the "APA"), which the Debtors subsequently designated as a Stalking Horse Agreement [Docket No. 282].

5.        The auction was held on March 28, 2018 and the Debtors selected Horizon as the successful bidder for the Hobby Business Lot.  The Notice of Successful Bidder for the Hobby Business Lot [Docket No. 299] included a copy of the APA.    One of the schedules to the APA was subsequently revised on March 30, 2018 [Docket No. 306].

6.        On April 2, 2018, the Court entered an Order (A) Approving the Sale of Certain Assets of the Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy

2

Code; (C) Authorizing the Debtors to Consummate Transaction Related to the Above; and (D)

Granting Certain Other Relief [Docket No. 317] (the "Sale Order"), which approved the APA

and the sale of the Hobby Business Lot to Horizon.

7.      Paragraph 21 of the Sale Order provides

If after Closing, any Seller or any of its lenders receives or collects, including pursuant to any lockbox arrangement, any amounts that constitute Acquired Assets or the proceeds thereof, including without limitation with respect to any Accounts Receivable included in the Acquired Assets, such payments will be held in trust for the benefit of the Buyer by such Seller or such lender, and such party will not have any rights with respect thereto, and the Seller and applicable lender will promptly pay over such received payment to Buyer.  For the avoidance of doubt, any amounts received or collected that constitute Acquired Assets or the proceeds thereof shall not become property of the estate as contemplated by section 541 of the Bankruptcy Code by virtue of such receipt or collection, and no liens, including but not limited to liens under the DIP Financing Order, the Prepetition Documents, the Postpetition Documents, or otherwise, shall attach to such amounts constituting Acquired Assets by virtue of such receipt or collection.

8.      Paragraphs 5 of the Sale Order also provides that the Sale Order is "binding in all

respects upon . . . any trustees, examiners, or other fiduciary under any section of the Bankruptcy

Code, if any, subsequently appointed in any of the Debtors' Chapter 11 Cases or upon a

conversion to chapter 7 under the Bankruptcy Code of the Debtors' cases."

9.      Paragraph 6 of the Sale Order states that

The provisions of this Sale Order and the terms and provisions of the Asset Purchase Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7.

10.     In connection with the sale, the Debtors, Horizon, and Wells Fargo Bank, N.A.

(the "Bank") entered into (a) that certain Deposit Account Control Agreement (Access Restricted

Immediately) dated as of April 18, 2018, among Axial R/C, Inc., Horizon, and the Bank (the

"Axial R/C DACA") and (b) that certain Deposit Account Control Agreement (Access Restricted

Immediately) dated as of April 18, 2018, among Tower Hobbies, Inc., Horizon, and the Bank (the "Tower Hobbies DACA"; and together with the Axial R/C DACA, each a "DACA" and, collectively, the "DACAs"), in each case governing certain bank accounts holding collections of accounts receivable, which were included in the Hobby Business Lot and sold to Horizon.

11.     Pursuant to the DACAs, the identified bank accounts were regularly swept and the amounts were transferred to Horizon.

12.     On July 11, 2018, the Debtors' bankruptcy cases were converted to cases under chapter 7 of the Bankruptcy Code [Docket No. 531].

13.     The Trustee was appointed on July 18, 2018 [Docket No. 545].

14.     When the cases were converted, the Bank placed a freeze on the accounts covered by the DACAs.  At the time, two transactions were pending.

15.     The first transaction was the sweeping of the accounts defined in the DACAs.  On July 31, 2018, the freeze was partially lifted and the Bank was able to sweep the accounts, resulting in $385,654.54 being transferred to Horizon.  The July 31, 2018, transfer involved the last of the COD deposits in the account.  There have been no other deposits and the Parties do not believe there will be any future deposits.

16.     The second transaction was a scheduled wire transfer of $115,000.  The wire was queued to go out of the 4929 Hobbico disbursement account on the day of the conversion.

17.     The $115,000 is a ZBA drawing from the 8089 operating account.  The balance owed to Horizon from the account was originally $165,000, but Horizon agreed to reduce the amount by $50,000 to reflect money owed to the Debtors' estates, resulting in $115,000 being owed to Horizon.

4

18.     The $115,000 payment is reflected on the Notice of Filing Final Report and Account Pursuant to Bankruptcy Rule 1019(5)(A)(ii) [Docket No 554] (the "Final Report").  On page 2 of Exhibit 1 to the Final Report, the $115,000 payment is identified as the "$115K Horizon Claim."  On page 4 of Exhibit 1 to the Final Report, the $115,000 is identified as the "Horizon Final Reconciliation."

19.     Since the conversion of the Debtors' bankruptcy cases, the Parties have discussed the release of the $115,000 to Horizon plus an additional $1,176.01, representing proceeds of accounts receivable payable to Horizon.

20.     Horizon, the Trustee, and the Bank desire that, effective upon entry by the Court of an order, substantially in the form of the Proposed Order Granting Stipulation attached hereto as **Exhibit A** ("Order"), and the payment of such $116,176.01 to Horizon, (a) each such DACA be, and be deemed to be, terminated automatically, in each case, under, and subject to, the terms of Section 16 of each DACA without any other or further action or notice by any party and subject to the terms of each DACA that survive the termination of such DACA, and (b) the Bank be, and be deemed to be, authorized in its discretion to close any or all of the "Collateral Accounts" (as such term is defined in each DACA).

21.     The Parties have come to an agreement and request that the Court enter the Order authorizing: (a) the Trustee and the Bank to release the $116,176.01 to Horizon; (b) the termination of each DACA under, and subject to, Section 16 of such DACA, effective automatically upon entry of the Order and the payment of such $116,176.01 to Horizon, in each case, subject to the terms of the DACA that survive the termination of such DACA; and (c) the Bank to close, in its discretion, any or all of the "Collateral Accounts" (as such term is defined in each DACA).

PHIL1 7533082v.1

Dated:  January 23, 2019                    /s/ Clinton E. Cutler

                                            Clinton E. Cutler (#0158094)
                                            **FREDRIKSON & BYRON, P.A.**
                                            200 South Sixth Street, Suite 4000
                                            Minneapolis, MN  55402-1425
                                            Telephone:  612.492.7000
                                            ccutler@fredlaw.com

                                            **ATTORNEYS FOR HORIZON HOBBY LLC**


Dated:  January 23, 2019                    /s/ Alfred T. Giuliano

                                            Alfred T. Giuliano, as chapter 7 trustee of the
                                            estates of Hobbico, Inc.; Arrma Durango Ltd.;
                                            Tower Hobbies, Inc.; Great Planes Model
                                            Manufacturing, Inc.; United Model, Inc.; Revell
                                            Inc.; Estes-Cox Corp.; and Axial R/C Inc.