## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| Hobbico, Inc. | |
| Debtor. | Case No.:  18-10055-KG |
| | Hearing Date: September 19, 2019<br>10:00 am (EDT) |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COME Movant, Standard Mutual Insurance Company a/s/o Daniel Waller ("Standard Mutual") and requests an Order for relief from the Automatic Stay to permit it to prosecute its claims against the Debtor, Hobbico, Inc. ("Debtor") in an action in the Circuit Court of Kendall County, Illinois.   In support of this Motion, Standard Mutual states as follows:

### FACTS

1.      On February 27, 2016, a fire occurred at Standard Mutual's insured's home, resulting in substantial damage to property.

2.      The fire was due to a defect within the Debtor's product.   See Exhibit A, proposed Complaint.

3.      As a result of the Debtor's defective product, Standard Mutual seeks recovery in the amount of $405,749.03 from the Debtor.   See Exhibit A.

4.      Since the fire, Standard Mutual has been dealing with the Debtor's liability insurer, Navigator's Insurance.

5.      Standard Mutual seeks entry of an Order of Relief from the Automatic Stay to permit it to prosecute its tort claims against the Debtor, to the extent of insurance proceeds available on Debtor's behalf.

6.      The relief requested by this motion is authorized under §§ 105 and 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

7.      This Court has subject matter jurisdiction to grant the relief requested in this motion as a core proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(G).

## BASIS FOR RELIEF

8.      Upon information and belief, the claim, which forms the basis of the causes of action asserted against the Debtor by Standard Mutual, is a covered claim under a liability insurance policy.

9.      Debtor's liability insurer has been defending the Debtor in the Standard Mutual Claims.

10.     Neither Standard Mutual nor Waller are listed as a Creditor in the Creditor Matrix (Doc. 29) or the Claims Register (Doc. 334).

11.     Neither Standard Mutual nor Waller were otherwise included as parties to receive notice of this bankruptcy case.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY

### Debtor Has Insurance Coverage

12.     In Matter of *Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (7' Cir. 1991) the court adopted a balancing of the hardships approach in addressing a request to modify the stay to permit litigation in another forum. The *Fernstrom* Court adopted a three factor test:

a)      Is there any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit?;

b)      Does hardship to the [non-bankruptcy party] by maintenance of the stay considerably outweigh the hardship of the debtor?; and

c)      Does creditor have a probability of prevailing on the merits?

*Fernstrom*, 938 F.2d at 735.

13.      In *Fernstrom,* the Seventh Circuit endorsed its prior decision in Matter of *Holtkamp, 669* F.2d 505, 508-509 (7th Cir. 1982), where it determined that the modification of the stay was appropriate when the debtor had insurance coverage and an insurance carrier was actively defending the subject litigation. *Fernstrom, 938* F.2d at 735.

14.      Here, there is (i) insurance coverage, (ii) a defense has been provided by the insurance carrier and (iii) little likelihood that the continuation of the litigation will impact either the administration of this bankruptcy estate or the rights of unsecured creditors. These are factors which have strongly influenced courts to authorize the modification of the automatic stay. See, *In re Countryside Manner, Inc.,* 188 B.R. 489, 490 (Bankr. Conn. 1995); citing *In re Sonnax,* 907 F.2d 1280, 185 (2nd Cir. 1990).

15.      Using the balance of the hardship approach, it is clear that neither the Debtor nor the bankruptcy estate will be prejudiced or burdened by an order lifting or modifying the automatic stay, as to the Standard Mutual Claim, because the entire cost of the defense is being provided by the Debtor's insurance carrier. Standard Mutual's claims against the Debtor, if meritorious, can be paid by the insurance to the extent of the policy limits.

16.      In exercising its discretion to modify the automatic stay, a bankruptcy court should consider the ability of the non-bankruptcy forum to protect the interests of all parties; whether the issues are governed solely by state law; whether the non-bankruptcy forum is one

having a special expertise in the subject matter; and whether resolution of the dispute involves

non-debtor third parties as to whom the non-bankruptcy forum can grant complete relief. See,

*In re Petroleum Piping Contractors, Inc.* 211 B.R. 290, 308 (Bankr. N.D. Ind. 1997).

17.    Applying the principles of *Petroleum Piping Contractors,* it is clear that the stay

should be modified because the rights of third parties are involved; there are no bankruptcy

issues which come into play to determine the merits of the claims set forth in the Standard

Mutual Claim and the interests of Standard Mutual cannot be adequately protected if the stay is

not modified.

**STANDARD MUTUAL'S PROPOSED PROCEDURES AFTER STAY IS ENTERED**

18.    Standard Mutual proposes that the order to be entered on this Motion provide

for a lifting of the automatic stay.  It also seeks entry of the following provisions:

A.    That Standard Mutual be authorized to pursue its claims and file
suit, if necessary, to the point of settlement or entry of judgment;

B.    That Standard Mutual be authorized to seek recovery of any
settlement or judgment from available insurance coverage on the
Debtor's behalf, to the extent such coverage exists; and,

C.    That Standard Mutual shall not seek any recovery on account of its
claims against the Debtor other than by seeking recourse against any
insurance coverage and the filing of proofs of claim in this case.

Respectfully submitted,

By:    /s/ Robert Ostojic
Robert Ostojic
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554
ARDC #6216651