IN THE CIRCUIT COURT FOR THE TWENTY-THIRD JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | | |
|---|---|---|
| STANDARD MUTUAL INSURANCE, COMPANY as subrogee of DANIEL WALLER JR., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| HOBBICO, INC. | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and complaining of Defendant, HOBBICO, INC., states as follows:

**THE PARTIES**

1. Plaintiff, STANDARD MUTUAL INSURANCE COMPANY (hereinafter "Standard Mutual"), is a property and casualty insurance company organized and existing under the laws of the State of Illinois and is licensed to conduct business in the State of Illinois.

2. Plaintiff's subrogor, DANIEL WALLER JR. (hereinafter "Waller"), is a person who resides at 1602 Cottonwood Trail in Yorkville, Illinois (hereinafter "Property"). Waller is a citizen of the state of Illinois.

3. Defendant, HOBBICO, INC. (hereinafter "Hobbico"), is a corporation licensed in the State of Illinois that maintains its principal place of business at 2904 Research Road in Champaign, Illinois 61822.

4. At all times relevant, Hobbico was in the business of designing, manufacturing, marketing, and/or distributing radio controlled cars and trucks, including but not limited to the

**EXHIBIT A**

radio controlled truck that is the subject of this lawsuit.

5. Hobbico placed its products into the stream of commerce where they were sold and used in the State of Illinois.

## JURISDICTION AND VENUE

6. The jurisdiction is proper in Illinois because the acts and omissions complained of herein occurred in Illinois.

7. Kendall County is proper venue under 735 ILCS 5/2-101 because the incident which gives rise to this cause of action herein occurred in Kendall County.

## NATURE OF THE ACTION

8. At all relevant times, Standard Mutual provided insurance to its Subrogor under policy No. HP 1785716 03 (hereinafter "policy of insurance") for the Property.

9. Pursuant to the terms and conditions of its policy of insurance, Standard Mutual reimbursed its Subrogor $405,749.03 for the loss caused by the fire described herein.

10. In accordance with common law principles of equitable and/or legal subrogation, in addition to the terms and conditions of its policy of insurance, Standard Mutual is subrogated to the rights of the insured with respect to the payments it made in compensation for the subject loss, and is the bona fide owner of the claims in this action.

11. On February 27, 2016, a fire occurred at the Property.

12. The fire was caused by a defect in a radio controlled truck, an Arrma Fury 30+ mph $1/10^{th}$ scale 2WD electric short course truck, P/N AR102605, serial #AR1026051412131310 (hereinafter "subject RC truck") designed, manufactured, distributed, and sold in to the stream of commerce by Hobbico.

13. At all relevant times hereto, the subject RC truck was used for the intended purpose and was used in a manner reasonably foreseeable to Hobbico.

14. The fire originated within the battery pack of the subject RC truck, which was located in the living room of the Property.

15. The fire resulted in severe damage to the real and personal property of Standard Mutual's subrogor and caused the Property to be vacated for a reasonable period of time while repairs were made and the building was restored to its pre-fire condition, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

16. As a result of the aforementioned fire and damages sustained by Standard Mutual's subrogor, a claim was made on Standard Mutual's policy of insurance and was duly paid by Standard Mutual.

17. Plaintiff became subrogated to certain rights and interests of its Subrogor for monies paid thereunder, including the claim giving rise to the instant cause of action.

## COUNT I
## STRICT LIABILITY - DESIGN DEFECT

18. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though fully set forth at length.

19. Hobbico was at all relevant times engaged in the business of distributing and/or otherwise placing into the stream of commerce electrical appliances, including the subject RC truck involved in the subject loss.

20. At the time the subject RC truck left the control of Hobbico, a defect existed in the appliance that rendered the appliance unreasonably dangerous so as to cause a fire and cause the subject loss.

21. The Subrogor was using the subject RC truck for its intended purpose.

22. The subject RC truck failed to perform in the manner reasonably to be expected in

light of its nature and intended function.

23. The unreasonably defective condition of the subject RC truck caused the subject loss and damages from which this action arises.

24. The unreasonably defective condition of the subject RC truck was neither plainly apparent nor discoverable by the Subrogor or other consumers through a reasonable inspection.

25. For these reasons, Hobbico is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable common law of the State of Illinois.

26. At the time of the design of the subject RC truck by Hobbico, the subject RC truck was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways. The subject RC truck:

    a. overheated under reasonably anticipated use conditions;

    b. caught fire under reasonably anticipated use conditions;

    c. incorporated an electrical component susceptible to failure under reasonably anticipated use conditions;

    d. incorporated an electrical component susceptible to overheating resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or

    e. failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

27. The defective and unreasonably dangerous condition(s) of the subject RC truck existed due to the defective manner in which Hobbico designed the subject RC truck.

28. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject RC truck ignited, resulting in a fire, which caused extensive damage to the Subrogor's real and personal property, and caused other consequential and incidental damages, including clean-up costs, repair, and other associated in the amount of $405,749.03.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

## COUNT II
## STRICT LIABILITY – MANUFACTURING DEFECT

29. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though full set forth at length.

30. At the time of the manufacture of the subject RC truck by Hobbico, the subject RC truck was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways. The subject RC truck:

   a. overheated under reasonably anticipated use conditions;

   b. caught fire under reasonably anticipated use conditions;

   c. incorporated an electrical component susceptible to failure under reasonably anticipated use condition;

   d. incorporated component parts susceptible to failing resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or

   e. failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

31. The defective and unreasonably dangerous condition(s) of the subject RC truck existed due to Hobbico's defective manufacture of the subject RC truck.

32. The aforementioned defective and unreasonably dangerous condition(s) of the subject RC truck existed at the time it left the control of Hobbico.

33. At all times, the subject RC truck was used in a reasonable manner, and such use was reasonably foreseeable by Hobbico.

34. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject RC truck, a violent fire occurred, damaging the Property and personal property contained therein, all to the ultimate cost, loss and detriment of the Plaintiff.

35. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject RC truck ignited, resulting in a fire, which caused extensive damage to the Subrogor's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $405,749.03.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

## COUNT III
## STRICT LIABILITY: NON-SPECIFIC DEFECT

36. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though fully set forth at length.

37. The subject RC truck was not put to any abnormal use during its service life.

38. There was no secondary cause for the subject fire.

39. The subject RC truck failed to perform in a manner reasonably expected in light of its nature and intended function.

40. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject RC truck ignited, resulting in a fire, which caused extensive damage to the Subrogor's real and personal property, and caused other

consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $405,749.03.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

## COUNT IV
## STRICT LIABILITY: FAILURE TO WARN

41. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though fully set forth at length.

42. At the time of Hobbico's design, manufacture, sale, distribution, and/or marketing of the subject RC truck, the subject RC truck was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

43. At all relevant times, the subject RC truck was used without adequate knowledge or warning of its characteristics from Hobbico.

44. Hobbico did not give adequate warning of the dangers of the subject RC truck, including the following:

   a. the danger of the subject RC truck's electrical components to overhead under reasonably anticipated use conditions;

   b. the danger of the subject RC truck melting and catching fire under reasonably anticipated use conditions;

   c. the danger of the subject RC truck's incorporation of electrical components susceptible to failure under reasonably anticipated use conditions;

   d. the danger of the subject RC truck's integration of electrical components susceptible to overheat and violent combustion under reasonably anticipated use conditions;

    e.  the danger of the subject RC truck's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

45. As a direct or proximate result of Hobbico's failure to design, manufacture, sell, distribute, and/or market the recalled RC trucks with adequate warnings, users of the RC trucks lacked knowledge of its dangerous characteristics.

46. At all times, the subject RC truck was used in a reasonable manner, and such use of the subject RC truck was reasonably foreseeable by Hobbico.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

## COUNT V
## NEGLIGENCE

47. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though fully set forth at length.

48. At all relevant times, Hobbico had a duty to design, manufacture, assemble, distribute, sell, and market its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

49. At all relevant times, Hobbico had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

50. At all relevant times, Hobbico had a duty to warn others of potentially dangerous conditions existing in its products, including the subject RC truck.

51. Hobbico breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the subject RC truck.

52. Further, Hobbico breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

   a. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe under normal use conditions;

   b. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe for its reasonably intended purpose(s);

   c. failed to design, manufacture, assemble, distribute, sell, or market a product in which the components would not fail in the course of foreseeable use;

   d. failed to design, manufacture, assemble, distribute, sell, or market a product that would not cause a fire in the course of foreseeable use;

   e. failed to design, manufacture, assemble, distribute, sell, or market a product that would adequately discharge and/or resist heat produced by its own operation;

   f. failed to design, manufacture, assemble, distribute, sell, or market a product containing a switch that would deactivate the subject RC truck in the event of overheating;

   g. failed to integrate adequate thermal protective measures into the subject RC truck;

   h. failed to provide adequate warnings about the subject RC truck's dangerous properties or conditions;

   i. failed to properly manufacture the subject RC truck so as to eliminate the possibility of a battery failure;

   j. failed to adequately test, investigate, inspect or analyze the subject RC truck to understand its properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed;

    k. failed to adequately test, investigate, inspect or analyze the subject RC truck component parts, to understand the components' properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the RC truck was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed; and/or,

    l. was otherwise careless and negligent.

53. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject RC truck ignited, resulting in a fire, which caused extensive damage to the Subrogor's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $405,749.03.

54. As a further direct and proximate result of Hobbico's negligence, Standard Mutual paid to repair the property damage, all to the loss and detriment of Standard Mutual.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

### COUNT VI
### NEGLIGENT FAILURE TO WARN

55. Plaintiff realleges and incorporates herein paragraphs 1 through 17, inclusive, as though fully set forth at length.

56. At the time of Hobbico's design, manufacture, sale, distribution, and/or marketing of the subject RC truck, the subject RC truck was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

57. At all relevant times, Hobbico had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

58. At all relevant times, the subject RC truck was used without adequate knowledge or warning of its characteristics from Hobbico.

59. Hobbico breached one or more of its foregoing duties by failing to warn users of the RC truck's defective condition.

60. Hobbico did not give adequate warning of the dangers of the subject RC truck, including the following:

   a. the danger of the subject RC truck's electrical components to overheat under reasonably anticipated use conditions;

   b. the danger of the subject RC truck melting and catching fire under reasonably anticipated use conditions;

   c. the danger of the subject RC truck's incorporation of electrical components susceptible to failure under reasonably anticipated use conditions;

   d. the danger of the subject RC truck's integration of electrical components susceptible to overheat and violent combustion under reasonably anticipated use conditions;

   e. the danger of the subject RC truck's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

61. As a direct or proximate result of Hobbico's failure to design, manufacture, sell, distribute, and/or market the recalled RC trucks with adequate warnings, users of the subject RC truck lacked knowledge of its dangerous characteristics.

62. At all times, the subject RC truck was used in a reasonable manner, and such use of the subject RC truck was reasonably foreseeable by Hobbico.

WHEREFORE, Plaintiff, STANDARD MUTUAL INSURANCE COMPANY, as subrogee of DANIEL WALLER JR., demands judgment against Defendant, HOBBICO INC., $405,749.03, the exact amount to be proven at trial, together with pre-judgment interest, all taxable costs, fees and disbursements, and all other just and equitable relief.

Respectfully submitted,

STANDARD MUTUTAL INSURANCE
COMPANY, a/s/o DANIEL WALLER JR.


By: /s/ Robert Ostojic
    One of its Attorneys


Robert Ostojic
LEAHY, EISENBERG & FRAENKEL, LTD/
33 W. Monroe Street, Suite 1100
Chicago, IL 60603
Phone: 312-368-4554
Fax: 312-368-4562
Email: ro@lefltd.com
ARDC No.: 6216651